Jones, J.
If there was a violation of legal duty owing by the defendant to the infant child under the circumstances detailed, it would be actionable negligence. In the present case the feature of in *311 vitation or license is not involved, for it is conceded that the child was on the car against the express command of the defendant. As disclosed by the first and second special requests, the defendant conceived that he was not liable unless he actually knew that the child was on the running board of the car at the time he started his car or while he was running the same forward. The second request was predicated upon the principle claimed, that after driving the child away from the car there devolved no further duty upon the defendant, and that no obligation rested upon him to see that the child remained away.
The trial court refused to apply the principle of nonliability as requested, but imposed upon the defendant the obligation to use ordinary care, if the circumstances would apprise the defendant, as an ordinarily prudent man, that a child of four and one-half years, acting under childish impulses, would renew his attempt to get upon the running board of the automobile. The court of appeals reversed the judgment on the authority of W. & L. E. Rd. Co. v. Harvey, 77 Ohio St., 235, and in its opinion says: “We think that when the plaintiff left the street for the purposes of travel and got upon the defendant’s automobile without invitation, he was not rightfully there and brought himself fairly within the reason of the rule in the Harvey case and is to be governed by its principles.”
This case is clearly distinguishable from the reported case cited. In that case there was neither knowledge of the presence of the infant nor any active force employed which caused its injury. *312 Under the facts disclosed in the Harvey case, the rule there stated .in the syllabus applies to the condition of the premises, its construction or maintenance, and does not embrace a situation where a statical condition of the premises is made perilous by the active, negligent operation thereof by the owner. If a servant of the company at the time of the injury had failed to exercise ordinary care toward the Harvey child, by operating the turntable under circumstances where an ordinarily prudent person would have known that the life of the child might be imperiled, that case would have assumed an entirely different aspect. This is the situation presented by the nisi prius court in the instant case. It may be conceded that the duty of exercising ordinary care does not inure to the benefit of a bare licensee who commits a trespass, and that a child of plaintiff’s age is incapable of committing a conscious trespass. The Harvey rule is based on the principle that no legal duty devolves upon the landowner to so construct his property as not to injure a child who approaches it without the knowledge or invitation of the occupier. If the driver of this automobile when he approached the car had no knowledge that the child was on the car or in its immediate vicinity, obviously there would be no liability. But when he concedes that he drove the child, first from the right running board, and again from the left running board of his car, would not these and other attending circumstances apprise the defendant that a child of that age, acting under childish instinct, and unaware of its peril, would make still another attempt to board the car? This *313 actually did occur. The trial court was therefore not in error when it charged the jury upon the subject of the defendant using ordinary care under the facts disclosed.
The distinction between the legal duty due uninvited persons, in cases arising from the construction of the premises and in those arising from their negligent operation, is clearly made and discussed in C., H. & D. Rd. Co. v. Aller, 64 Ohio St., 183. On page 193, Shauck, J., in discussing the case of Harriman v. Railway Co., 45 Ohio St., 11, said of that case: “The injury was not occasioned by any real or alleged defect in the construction of the road. The injury there resulted from the operation of the road.”
The petition sufficiently pleaded facts imposing the duty of ordinary care covered by the general charge. It contained an allegation of negligence, charging that the defendant saw and knew that the child was on the running board, or “by the exercise of ordinary care, would have seen that said plaintiff was on the running board of said car.”
For the reasons stated, the judgment of the court of appeals is reversed, and that. of the common pleas affirmed.

Judgment reversed.

Nichols, C. J., Newman, Matthias, Johnson and Donahue, JJ., concur.
Wanamaker, J., concurring. I heartily concur in the judgment in this case.
*314 In the syllabus and the opinion an effort is made to distinguish this ease from the Harvey case, upon which the court of appeals based its judgment.
Whenever a court undertakes to distinguish or differentiate one case from another, a strong presumption arises that the court approves such other case, the judgment, and the course of reasoning through which such judgment was reached.
I desire here and now to register my protest against the judgment of that case. It was an astonisher to the profession and the public at the time it was rendered, in 1907, and indicates the high-water mark of the supreme court of that time in its effort to magnify property right and minimize personal right — the right to life, limb, health and safety — especially when applied to a child four and a half years of age.
The opinion notes more than a hundred cases pro and con, and reviews many of them touching the subject-matter of that case. Concurring in the judgment were Judges Shauck, Crew, Davis and Summers. Judges Spear and Price did not concur.
The supreme court of the United States in Sioux City & Pac. Rd. Co. v. Stout, 17 Wall., 657, decided in 1873, laid down the doctrine that entitled Harvey to a verdict in that case.
The opinion in the Harvey case laments the fact that: “The multitude of circumstances under which the owner of property would be liable for injuries to children, and the very serious burden that was, in consequence, being placed upon the owners of property, were very probably not foreseen in the Stout case.”
*315 Throughout the opinion much consideration is given to the conservation of property, but substantially no regard to the conservation of child life, limb and safety.
Many cases no doubt sustain the Harvey case, but an equal number of cases may be found in the books sustaining witchcraft, slavery, and other inhumanities and infamies, in the light of present-day civilization and jurisprudence.
I desire to especially commend the late lamented Judges Price and Spear for their refusal to concur in the doctrine announced in the Harvey case.